Juan Humberto PRUDENCIO–
GOMEZ, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 05–71125.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Juan Humberto Prudencio-Gomez, Altadena, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Hillel Smith Fax, Greg D. Mack, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Juan Humberto Prudencio–Gomez, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

■ We lack jurisdiction to review petitioner's CAT claim because he failed to

exhaust the claim before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004). We therefore dismiss his CAT claim.

We have jurisdiction under 8 U.S.C. § 1252 over petitioner's remaining claims. We review the IJ's decision for substantial evidence. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

■ Substantial evidence supports the IJ's decision that petitioner failed to establish past persecution or a well-founded fear of future persecution based on an enumerated ground. Petitioner testified that his home was bombed by men who had a land dispute with his father, and that the same men threatened him because he was investigating his family's death. Because there is no evidence that any harm occurred on account of an enumerated ground, petitioner fails to establish eligibility for asylum. *See id.* at 481–84, 112 S.Ct. 812.

Because petitioner failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149 (9th Cir.1999).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.